UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEREMY THOMAS STEVENS,

                Petitioner,

    v.

DANIEL WHITE,

                Respondent.

CASE NO. 3:20-cv-05521-BHS-JRC

ORDER FOR SUPPLEMENTAL BRIEFING

      The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura. Petitioner filed the petition pursuant to 28 U.S.C. § 2254.

      On October 24, 2014, petitioner was found guilty by jury verdict in Kitsap County Superior Court of three counts of second-degree rape of a child and one count of sexual exploitation of a minor. Dkt. 8, Exhibit 12. On June 26, 2019, following a remand from the state appellate court, the trial court entered an order amending judgment and sentence, striking certain legal financial obligations, conditions of the judgment and sentence, and the three-year term of community custody for the sexual exploitation of a minor charge. Dkt. 8, Exhibit 14.

ORDER FOR SUPPLEMENTAL BRIEFING - 1

1    On June 2, 2020, petitioner signed his habeas corpus petition ("the petition") raising three
2    grounds for relief. Dkt. 3 at 5-8. On August 17, 2020, respondent filed an answer to the petition,
3    asserting that the petition was filed after the statute of limitations period expired. Dkt. 7, 8. In the
4    alternative, respondent argues that the petition should be denied on the merits. *Id.*

5    Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which is
6    codified at 28 U.S.C. § 2241 *et seq.*, a one-year statute of limitations applies to federal habeas
7    petitions. Section 2244(d)(1)(A) requires a prisoner to file a habeas petition within one year of
8    "the date on which the [state court] judgment [of conviction] became final by the conclusion of
9    direct review or the expiration of the time for seeking such review."

10   Respondent contends that, based on the date of finality of petitioner's original judgment
11   and sentence, September 27, 2016 is the relevant starting date for the limitations period. Dkt. 7 at
12   14 (September 27, 2016 was 90 days after the Washington Supreme Court denied the petition for
13   review on direct appeal on June 29, 2016); *see also Gonzalez v. Thaler*, 565 U.S. 134, 150
14   (2012); 28 U.S.C. § 2244(d)(1)(A)-(D). Thus, respondent argues that the petition is untimely
15   because it was filed after the AEDPA statute of limitations (after including a period of statutory
16   tolling while petitioner litigated his appeal and personal restraint petition in state court) had run
17   out. Dkt. 7 at 14; Dkt. 8, Exhibit 21.  Respondent argues that the 2019 order amending judgment
18   and sentence is not the equivalent of a new judgment and sentence and that petitioner remains in
19   custody under the original 2014 judgment and sentence. Dkt. 7 at 14-16 (citing *Smith v.*
20   *Williams*, 871 F.3d 684 (9th Cir. 2019); *Magwood v. Patterson*, 561 U.S. 320, 341-42 (2010);
21   and *Gonzalez v. Sherman*, 873 F.3d 763, 769-70 (9th Cir. 2017)).

22   The Supreme Court has held that "where . . . there is a 'new judgment intervening
23   between the two habeas petitions,' [the petition] challenging the resulting new judgment is not
24

'second or successive' at all." *Magwood v. Patterson*, 561 U.S. 320, 341-42 (2010). In 2017, the Ninth Circuit extended *Magwood*, and applied it to the federal statute of limitations analysis. *Smith v. Williams*, 871 F.3d 684 (9th Cir. 2017) (holding that a new AEDPA limitations period commences where an amended judgment was entered by the state trial court, which reinstated a petitioner's convictions and sentences on certain offenses, followed by a reversal by a state court of the grant of habeas relief with respect to those offenses). However, the *Magwood* decision left open the question of what constitutes a "new judgment." *See Magwood,* 561 U.S. at 341-42.

Since *Magwood,* lower courts have had to decide how significant the change to a judgment must be in order to create a "new judgment." In doing so, courts look to applicable state law to determine whether a sentencing change made by the state court created a new sentencing judgment. *See Gonzalez v. Sherman,* 873 F.3d 763, 769 (9th Cir. 2017) (applying California law, the court reasoned when an amended judgment corrects a scrivener's error, it does not change the underlying judgment, but contrasted the correction of a scrivener's error with "a court's recalculation and alteration of the number of time-served or other similar credits awarded to a petitioner," which it held does constitute a new judgment); *Turner v. Baker,* 912 F.3d 1236, 1240 (9th Cir. 2019) (apply Nevada law, the court followed *Gonzalez* and held that an amended judgment awarding a state prisoner credit for time served before sentencing constituted a new judgment).

In *Colbert v. Haynes,* 954 F.3d 1232, 1236 (9th Cir. 2020), the Ninth Circuit recently applied Washington law to the issue of a "new judgment." The court distinguished between "sentencing errors correctible through ministerial action" and those that arise from "critical stages of a criminal proceeding and . . . involve discretionary decision-making." *Id.* (citing *State v. Ramos*, 171 Wn.2d 46, 246 P.3d 811, 812 (2011) (en banc) and *State v. Kilgore*, 167 Wn.2d

28, 216 P.3d 393, 399 (2009) (en banc)). The court suggested that under Washington law only the latter would render a prior judgment invalid such that a corrected judgment would constitute a "new, intervening judgment." *Id.* at 1236-37. The court analyzed several statutes, including the Sentencing Reform Act ("SRA"), which was in effect when the petitioner was sentenced, and noted that, "[i]n Washington, only sentencing errors stemming from a trial court exceeding its statutory authority render a sentencing judgment invalid." *Id.* at 1236 (citing *In re Coats*, 173 Wash.2d 123, 267 P.3d 324, 331 (2011) (en banc)). *See also Clayton v. Biter*, 868 F.3d 840, 844 (9th Cir. 2017) (directing reviewing courts to "look to state law to determine what constitutes a new or intervening judgment[]"); *Marquez v. McDaniel*, 729 F. App'x 583, 584 (9th Cir. 2018) (finding a petition timely based on the date of the corrected judgment when the corrected judgment "effected a change in [the petitioner's] sentence").

Here, as indicated above, in order to determine whether the superior court's 2019 order amending petitioner's judgment and sentence created a new judgment, we must turn to Washington law. Accordingly, the Court orders that respondent supplement his original answer and address whether petitioner's 2019 order amending judgment and sentence constituted a "new judgment" pursuant to Washington law and recent Ninth Circuit case law. Respondent shall also address whether petitioner is entitled to equitable tolling based on his allegations that due to the COVID-19 pandemic, there have been restrictions on legal services in the prison system. Dkt. 3 at 13-14.

The supplemental answer shall be filed on or before October 23, 2020. Petitioner may file and serve a supplemental response, limited to the issues raised by respondent in the supplemental answer addressing timeliness of the petition, not later than November 13, 2020. Respondent may

1 file and serve a supplemental reply not later than November 20, 2020. The Clerk is directed to

2 re-note the petition for November 20, 2020.

3     Dated this 21st day of September, 2020.

J. Richard Creatura
United States Magistrate Judge

ORDER FOR SUPPLEMENTAL BRIEFING - 5